

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00032-CR
_____

JEREMY EDWARD JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2027612

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

On February 24, 2021, Jeremy Edward Johnson pled guilty to theft of property valued at $2,500.00 or more but less than $30,000.00.[1] He had been indicted for theft of property valued at $30,000.00 or more but less than $150,000.00.[2] He pled guilty to the lesser offense with no plea agreement in place. The trial court heard testimony and sentenced Johnson to two years' incarceration in a state jail facility and ordered him to pay $2,500.00 in restitution. Johnson appeals that conviction and sentence.

Johnson's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Johnson's counsel filed a motion with this Court seeking to withdraw as counsel in this appeal and provided Johnson with a copy of the brief and the motion to withdraw. His counsel also sent Johnson the clerk's and reporter's records and informed Johnson of his right to review the record and file a pro se response. On September 27, 2021, this Court notified Johnson that if

---

[1]*See* TEX. PENAL CODE ANN. § 31.03(e)(4)(A).

[2]*See* TEX. PENAL CODE ANN. § 31.03(e)(5).

he wished to file a pro se response to his counsel's *Anders* brief, any such response was due on or before October 27, 2021. We received no such response or request for extension from Johnson. On November 30, 2021, this Court informed Johnson that the case would be set for submission on December 21, 2021.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). That said, we note that the bill of costs includes two time payment fees, each in the amount of $12.50. The Texas Court of Criminal Appeals has recently concluded that a time payment fee like the ones imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee[s] in this case would be premature because appellate proceedings are still pending." *Id.*

"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30).

3

Pursuant to *Dulin*, we strike the time payment fees "in their entirety, without prejudice to them being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution" owed. *Id.* Accordingly, we modify the trial court's judgment by deleting each time payment fee in the amount of $12.50, for a total of $25.00, from the judgment and the bill of costs. We affirm the judgment of the trial court, as modified.[3]

Scott E. Stevens
Justice

Date Submitted:    December 21, 2021
Date Decided:    January 28, 2022

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should Appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, Appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.